Michael Bleicher (SBN 313892)
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 706-5203
Facsimile: (202) 706-5298

Attorneys for Defendants
**SULLIVAN ENTERTAINMENT INC., SULLIVAN HOME ENTERTAINMENT LIMITED, SULLIVAN ENTERTAINMENT INTERNATIONAL INC., and SULLIVAN ENTERTAINMENT GROUP INC. D/B/A GAZEBOTV**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK GLINOGA, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SULLIVAN ENTERTAINMENT INC., SULLIVAN HOME ENTERTAINMENT LIMITED, SULLIVAN ENTERTAINMENT INTERNATIONAL INC., and SULLIVAN ENTERTAINMENT GROUP INC. D/B/A GAZEBOTV,<br><br>Defendants. | Case No. 25CV0707-GPC-SBC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date: October 17, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Gonzalo P. Curiel<br>Courtroom: 12A (12th Floor) |

# TABLE OF CONTENTS

**Page**


I. Plaintiff Failed to Dispute that He Lacks Article III Standing. .................... 1

II. Plaintiff's Allegations Fail to Satisfy Rule 8's Pleading Standard. .............. 4

III. Plaintiff's Federal and State Wiretapping Claims Fail. ................................ 4

IV. The Party or Consent Exceptions Apply to the Federal Wiretap Act Claims; the Crime-Tort Exception Does Not. ............................................... 5

V. Plaintiff's Consent Bars His CIPA and Federal Wiretap Claims.................. 6

VI. Plaintiff Has No Privacy Interest in Video Viewing He Shared with Gazebo Sufficient to Support the Intrusion Upon Seclusion Claim. ............ 8

VII. The Complaint Also Does not State a Trap and Trace Claim....................... 9

VIII. Plaintiff Fails to Allege an Actionable VPPA Claim. ................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B.K. v. Desert Care Network*,
No. 2:23-CV-05021, 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) ..................... 8

*Beltran v. Drs. Med. Ctr. of Modesto*,
No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467 (E.D. Cal. June 9, 2025) ..................... 8

*Brooke v. Woodside Hotel Grp. Ltd.*,
No. C 20-05821 WHA, 2020 WL 13978668 (N.D. Cal. Nov. 17, 2020) ........ 3, 4

*Burns v. Mammoth Media, Inc.*,
No. CV 20-04855 DDP SKX, 2021 WL 3500964 (C.D. Cal. Aug. 6, 2021) ..................... 2, 3

*Crowley v. Cyber Source Corp.*,
166 F. Supp. 2d 1263 (N.D. Cal. 2001) ..................... 5

*D'Angelo v. Penny OpCo, LLC*,
No. 23-CV-0981-BAS-DDL, 2023 WL 7006793 (S.D. Cal. Oct. 24, 2023) ..................... 7

*Deivaprakash v. Condé Nast Digit.*,
No. 25-CV-04021-RFL, 2025 WL 2541952 (N.D. Cal. Sept. 4, 2025) ............... 9

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ..................... 5

*Doe v. Call-On Doc, Inc.*,
No. 24CV2095-GPC(KSC), 2025 WL 1677632 (S.D. Cal. June 13, 2025) ..................... 8

*Doe v. Redeemer Health*,
No. 230501236, 2024 WL 4327348 (Pa.Com.Pl. Sep. 16, 2024) ..................... 8

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934 (S.D. Cal. 2024) ..................... 7

*In re Facebook Internet Tracking Litig.*,
956 F.3d 598 (9th Cir. 2020) ..................... 5

*Foster v. Essex Prop., Inc.*,
No. 5:14-CV-05531-EJD, 2017 WL 264390 (N.D. Cal. Jan. 20, 2017)..............3

*Garcia v. Diversified Foodservice Supply, LLC*,
(Cal. Super. Ct. L.A. Cnty. Feb. 10, 2025)..........................................................9

*Garon v. Keleops USA, Inc.*,
No. 25-CV-02124-DMR, 2025 WL 2522374 (N.D. Cal. Sept. 2, 2025).............9

*Gray v. Luxottica of Am., Inc.*,
No. 8:24-CV-00160-MRA-DFM, 2024 WL 5689566 (C.D. Cal. Dec. 16, 2024).......................................................................................5, 6

*In re Hulu Priv. Litig.*,
2014 WL 1724344 (N.D. Cal. Apr. 28, 2014)....................................................10

*Javier v. Assurance IQ, LLC*,
No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022) ................................7

*Johnson v. Oishi*,
362 F. Supp. 3d 843 (E.D. Cal. 2019) .................................................................2

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023)..................................................................5

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025).................................................................6

*Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) ..............................................................................2

*M. H. v. Done Glob. Inc.*,
No. 24-CV-03040-RFL, 2025 WL 629613 (N.D. Cal. Feb. 26, 2025)................8

*M.D. v. Google LLC*,
No. 24-CV-06369-AMO, 2025 WL 2710095, at *5 (N.D. Cal. Sept. 23, 2025) ..........................................................................................................8

*Mekhail v. N. Mem'l Health Care*,
726 F. Supp. 3d 916 (D. Minn. 2024) .................................................................5

*In re Meta Pixel Tax Filing Cases*,
No. 22-CV-07557-PCP, 2025 WL 2243615 (N.D. Cal. Aug. 6, 2025) .........9, 10

*Mull v. Gotham Distrib. Corp.*,
No. 24-6083, 2025 WL 2712215 (E.D. Pa. Sept. 22, 2025) .............................. 10

*Norse v. City of Santa Cruz*,
629 F.3d 966 (9th Cir. 2010) (*en banc*) .............................................................. 2

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ................................................................................ 6

*Roberts v. Corrothers*,
812 F.2d 1173 (9th Cir. 1987) .......................................................................... 2, 3

*Rodriguez v. Sparc Grp. LLC*,
(Cal. Super. Ct. L.A. Cnty. Mar. 12, 2025) ....................................................... 10

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ................................................................................ 2

*Seeno v. Discovery Builders, Inc.*,
No. 5:23-CV-04072-EJD, 2024 WL 694490 (N.D. Cal. Feb. 20, 2024) ............. 4

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) ................................................................... 9

*Snyder v. G6 Hospitality* LLC,
No. 5:24-cv-02423-AH-SHKX, 2025 WL 2426613 (C.D. Cal. Aug. 18, 2025) ........................................................................................................................... 8

*Solomon v. Flipps Media, Inc.*,
136 F.4th 41 (2d Cir. 2025) .................................................................................. 10

*Strojnik v. 8757 Rio San Diego Mission Valley Owner, LLC*,
No. 20CV0384 DMS (MSB), 2020 WL 5544220 (S.D. Cal. Sept. 16, 2020) ................................................................................................................... 2

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ................................................................................... 3

*Washington v. Flixbus, Inc.*,
No. 3:25-CV-00212-H-MSB, 2025 WL 1592961 (S.D. Cal. June 5, 2025) ................................................................................................................... 7

*Zarif v. Hwareh.com, Inc.*,
No. 23-CV-0565-BAS-DEB, 2025 WL 486317 (S.D. Cal. Feb. 13, 2025) ........ 6, 9

**Statutes**

18 U.S.C. § 2511 ........ 5

Cal. Penal Code § 631 ("CIPA") ........ 1, 4, 5, 6

Cal. Penal Code § 638.51 ........ 1, 9

Federal Wiretap Act, 18 U.S.C. 2510, et seq. ........ 1, 4, 5, 6

**Other Authorities**

Fed. R. Civ. P. 8 ........ 1, 4

Fed. R. Civ. P. 12 ........ 3

Fed. R. Civ. P. 56 ........ 2

Plaintiff's Opposition makes clear he was never injured in the way he has alleged. Gazebo's factual challenge to standing is now undisputed because Plaintiff did not present any evidence in response. The conclusion this Court must reach is inescapable. Plaintiff never searched for, navigated to, or watched a single video on Gazebo's Website—the injury that gives rise to all his claims. The hundreds of paragraphs of allegations concerning pixels and the way Gazebo's Website allegedly works are unmoored from Plaintiff. He was not injured. He has no standing. He is wrong that the Court cannot consider Gazebo's evidence on a factual challenge to standing. The Complaint must be dismissed for this reason alone.

Even if Plaintiff had standing his Complaint cannot survive. The Complaint fails to distinguish among defendants as he must under Rule 8. The Opposition cannot get around the fact that the party exception and one-party consent nature of the Federal Wiretap Act doom that claim, instead relying on a few HIPAA-related cases to argue the crime-tort exception applies, which it does not. Nor does it have an answer for the fact that the Complaint's affirmative allegation that Plaintiff subscribed to the Website and incorporation of the Privacy Policy establish consent under both the Federal Wiretap Act and CIPA. The Opposition does not come close to showing how a classic movie website's alleged collection or disclosure of voluntarily provided browsing activity is highly offensive as required for an intrusion upon seclusion claim. And the Opposition still does not identify any device Gazebo placed on his computer that could be a trap and trace device under Section 638.51. Finally, as for the VPPA claim, the Opposition fails to explain how an ordinary person could decipher the code allegedly shared with Facebook to identify him.

## I. Plaintiff Failed to Dispute that He Lacks Article III Standing.

The Opposition does not establish Plaintiff's standing to bring this action. Through the Motion to Dismiss ("Motion"), Gazebo provided evidence showing that Plaintiff suffered no injury-in-fact. *See* Mot. at 8-9. When a defendant raises such a factual attack, "the plaintiff must support h[is] jurisdictional allegations with

'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (*en banc*). Thus, Plaintiff "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). *See also Johnson v. Oishi*, 362 F. Supp. 3d 843, 847 (E.D. Cal. 2019).

The Opposition provides no contradictory evidence. Rather, it's only response is to argue that the Court cannot consider Gazebo's evidence without converting Gazebo's Motion to a Rule 56 motion. *See* Opp. at 5. That is wrong. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (on a factual attack, "court may review evidence […] without converting the motion"). Plaintiff's failure to produce any evidence means that Gazebo's evidence is now undisputed. This failure, "standing alone, provides a sufficient basis for the Court to grant Gazebo's motion." *See Strojnik v. 8757 Rio San Diego Mission Valley Owner, LLC*, No. 20CV0384 DMS (MSB), 2020 WL 5544220, at *4 (S.D. Cal. Sept. 16, 2020).

That Gazebo's evidence also could touch on the merits of Plaintiff's claims does not dictate a different result. *See* Opp. at 4. While dismissal on factual standing grounds may not be appropriate where a plaintiff and defendant have dueling ***evidence***, that is not the case where, as here, allegations are "controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). *Burns v. Mammoth Media, Inc.*, No. CV 20-04855 DDP SKX, 2021 WL 3500964 (C.D. Cal. Aug. 6, 2021) is instructive. There, while there was "significant overlap" between the "jurisdictional and substantive <u>allegations</u>," there was "no corresponding intertwining of jurisdictional and merits-related, disputed <u>facts</u>." *Id.* at *4. (emphasis in original) Rather, like here, the plaintiff "failed to meet his burden to respond to Defendant's evidence [on a 12(b)(1)] with any competent proof." *Id.* Accordingly, the material facts on standing were "undisputed since Plaintiff[] did not produce evidence to support that

issue." *Id.* And for that reason, "any factual overlap between Plaintiff's standing and the merits is not an impediment to granting a Rule 12(b)(1) motion." *Id.* (cleaned up).

Similarly, in *Foster v. Essex Prop., Inc.*, No. 5:14-CV-05531-EJD, 2017 WL 264390 (N.D. Cal. Jan. 20, 2017), plaintiffs claimed injury stemmed from the alleged disclosure of credit card information in a data breach. Defendant presented affidavits stating that it never collected or stored such information. *Id.* at *2-*3. These declarations established that plaintiffs' standing allegations were "factually impossible." *Id*. at *3. Plaintiffs could not escape dismissal by relying on allegations because allegations did not trump evidence on a factual 12(b)(1) motion. *Id.* *4. "Instead, Plaintiffs were required to affirmatively produce counter-affidavits or other evidence controverting [defendant's] declarations disputing their standing allegations." *Id.* Since the plaintiffs "did not produce evidence to support" their standing allegations, the material facts concerning standing were "undisputed" and dismissal warranted notwithstanding overlap between factual and standing allegations. *Id.*

This case is on all fours with *Burns* and *Foster*. All of Plaintiff's claims are based on his alleged, but factually unsupported, video viewing. The Opposition admits as much. *See* Opp. at 5 ("At bottom, Plaintiff alleges that he subscribed to the Website, ***watched videos on the Website,*** and had his Sensitive Information disclosed") (emphasis added). However, Gazebo has established that he never viewed any pages with videos (or performed any searches). Mot. at 8-9; Sullivan Decl. ¶ 4-9; Vimeo Decl. ¶ 4. In response to this evidence, Plaintiff points only to his allegations which he contends are enough to save his complaint. Opp. at 5. They are not.

Plaintiff's reliance on *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) is misplaced. *See* Opp. at 5. That case involved no 12(b)(1) factual attack on standing. Rather, the court determined that the district court should have treated a post-criminal conviction motion as a civil complaint and evaluated the government's response as a Rule 12(b)(6) motion to dismiss, in the context of which evidentiary materials generally cannot be considered. 342 F.3d at 908-09. *Brooke v. Woodside Hotel Grp.*

*Ltd.* is likewise unavailing. In that case, the problematic evidence was the declaration of a "hotel expert" on a building's compliance with the ADA—a multi-faceted issue of ultimate liability. No. C 20-05821 WHA, 2020 WL 13978668, at *2 (N.D. Cal. Nov. 17, 2020). This is distinct from the abundant caselaw allowing defendants to establish a lack of standing by attacking a discrete factual allegation that is demonstrably untrue.

## II. Plaintiff's Allegations Fail to Satisfy Rule 8's Pleading Standard.

The Opposition also offers no meaningful response to Gazebo's argument that the Complaint fails to satisfy Rule 8 by not differentiating between the four defendants and not identifying when Plaintiff visited the site. The Opposition points to no place the Complaint identifies any action taken by any one defendant. Instead, it argues it is enough that the Complaint "identifies the relevant [ ] entities" and alleges they acted together. Opp. at 7. But the Complaint does not simply refer to the four defendants collectively in selective allegations where they allegedly engaged in the same conduct. It uniformly alleges all the same facts about all the defendants—without any differentiation, other than the initial identification of each entity. *See* Compl. at 1. Indeed, the Complaint does not even name each entity in the "Parties" section. *Id.* ¶ 28. Nor does it allege facts that might allow for collective designations such as an agency theory. This is impermissible. *Seeno v. Discovery Builders, Inc.*, No. 5:23-CV-04072-EJD, 2024 WL 694490, at *5 (N.D. Cal. Feb. 20, 2024) (dismissing where plaintiffs "refer[e] only to [defendants] all jointly as 'Defendants'"). The Opposition also cannot cure Plaintiff's failure to allege basic facts about his interaction with the Website, including when and how many times he visited.

## III. Plaintiff's Federal and State Wiretapping Claims Fail.

The Opposition does not save Plaintiff's Federal Wiretap Act or CIPA Section 631 claims. It fails to address the fundamental problem as to those claims—how the same conduct can be both a disclosure by Gazebo and an interception while in transit by Facebook. Instead, it repeatedly conflates the two statutes. But Plaintiff cannot escape that, with respect to his Federal Wiretap Act claim, the party exception or one-

party consent rule apply and the crime-tort exception does not. And consent bars his CIPA Section 631 claim.

**IV. The Party or Consent Exceptions Apply to the Federal Wiretap Act Claims; the Crime-Tort Exception Does Not.**

Plaintiff's Federal Wiretap Act claim fails because he does not allege an interception by Gazebo. The law is clear that parties to a communication are presumptively not liable under the Act. *Mekhail v. N. Mem'l Health Care*, 726 F. Supp. 3d 916, 927 (D. Minn. 2024). *See also* Mot. at 12. The law is likewise clear that the Federal Wiretap Act is a one-party consent statute, meaning that to the extent Gazebo facilitated the third parties' "interception" of Plaintiff's communications with the Website by placing the relevant software on its Website that would be permissible. *See* 18 U.S.C. § 2511(2)(d); *see also Doe I v. Google LLC*, 741 F. Supp. 3d 828, 842 (N.D. Cal. 2024) (installation of code established consent by website owner); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) (similar).

The Opposition does not contest these principles. Instead, it tries to get around them by citing inapplicable caselaw. For example, it points to cases stating that third-party service providers are not categorically exempt under CIPA Section 631 or that CIPA Section 631 allows for aiding and abetting liability. *See* Opp. at 8-9. But those cases are irrelevant to Plaintiff's Federal Wiretap Act claim. *See Crowley v. Cyber Source Corp*., 166 F. Supp. 2d 1263, 1269 (N.D. Cal. 2001) (Federal Wiretap Act "does not provide for a civil action against one who aids and abets a violation"). Plaintiff's reliance on *In re Facebook Internet Tracking Litig.*, 956 F.3d 598 (9th Cir. 2020) and *Gray v. Luxottica of Am., Inc.*, No. 8:24-CV-00160-MRA-DFM, 2024 WL 5689566 (C.D. Cal. Dec. 16, 2024) is equally misplaced. *See* Opp. at 8. In *In re Facebook,* the Federal Wiretap Act claim was asserted against Facebook as the "unauthorized third party or '[] unseen auditor'" in the middle of communications between plaintiffs and various websites on which Facebook's plug-ins were placed. 956 F.3d at 608. In that context, the court found that "Facebook [was] not exempt from

liability as a matter of law under the Wiretap Act . . . as a party to the communication." *Id. Gray* similarly examined whether the party exception applied to Facebook—not the website operator—because the court was evaluating whether the complaint adequately alleged aiding and abetting liability under CIPA, not whether the party exception applied to the website under the Federal Wiretap Act. *Gray*, 2024 WL 5689566, at *5-6. Put another way, while Plaintiff's cases suggest that Meta or Google may not be able to take advantage of the party exception, that does not mean Gazebo can't.

The Opposition's attempt to shoehorn the facts into the crime-tort exception also fails. *See* Opp. at 13-15. It argues that the alleged VPPA violation is the crime-tort that allows liability. *Id.* at 14. But the VPPA violation is exactly the "interception" that establishes liability under the Federal Wiretap Act. This is the kind of circular reasoning condemned by the Ninth Circuit in *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022) (exception did not apply where "RICO conspiracy is furthered by the recordings, and the recordings themselves further the [ ] RICO conspiracy").

None of Plaintiff's cases dictate a different result. Unlike those cases, Plaintiff does not allege the capture of health information—he alleges the capture of information about the viewing of classic movies. Moreover, the Complaint alleges the interceptions were for the "purpose of monetizing his PII," not some independent purpose. *See* Compl. ¶ 249. The crime-tort exception does not apply here. *See Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1057 (N.D. Cal. 2025) (profit motive in VPPA violation did not invoke the crime-tort exception, distinguishing cases "relate[d] to violations of [HIPAA] . . . not a violation of VPPA"); *Zarif v. Hwareh.com, Inc.*, No. 23-CV-0565-BAS-DEB, 2025 WL 486317, at *9 (S.D. Cal. Feb. 13, 2025) (similar).

**V. Plaintiff's Consent Bars His CIPA and Federal Wiretap Claims.**

Plaintiff's consent to Gazebo's Privacy Policy bars his CIPA Section 631 and Federal Wiretap Act claims. The Complaint's repeated allegations that Plaintiff was a subscriber along with its incorporation by reference of Gazebo's Privacy Policy

establish Plaintiff's consent to the conduct he complains about. *See* Mot. at 13-15. The Opposition does not dispute that the Privacy Policy (and Terms) are incorporated by reference, that Plaintiff is bound by them, or that he was given adequate notice of them. Instead, it argues the Complaint's "allegations of no express or implied consent" alone are "sufficient to survive a motion to dismiss." Opp. at 10. That is wrong. Conclusory allegations of non-consent do not suffice where such allegations are implausible in light of the Complaint as a whole, including any material incorporated by reference. *See Washington v. Flixbus, Inc.*, No. 3:25-CV-00212-H-MSB, 2025 WL 1592961, at *3 (S.D. Cal. June 5, 2025) ("[T]he Court need not accept [] legal conclusion[s] [about lack of consent] as true.").

The few cases Plaintiff points to for the proposition that mere allegation of non-consent suffice, do not dictate a different result. *See* Opp. at 10. Those cases involved users who were mere visitors to a website. None involved a user that affirmatively alleged he was a subscriber or terms that were incorporated by reference. *See*. *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022) (no mention of terms or registration of account); *D'Angelo v. Penny OpCo, LLC*, No. 23-CV-0981-BAS-DDL, 2023 WL 7006793, at *7 (S.D. Cal. Oct. 24, 2023) (same); *Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 946 (S.D. Cal. 2024) (same).

Courts routinely find consent in cases like this one—where Plaintiff does not dispute he is a subscriber and the complaint incorporates the document disclosing the practice. In *Washington*, plaintiff did not "deny that he checked the box indicating his consent to the terms," his complaint "refer[ed] extensively to the Privacy Policy and Terms and Conditions," and "his claims depend[ed] on his allegation that he did not consent to Defendant's data practices." *Washington*, 2025 WL 1592961, at *3. The court thus dismissed plaintiff's CIPA claim based on consent because defendant's privacy policy "explicitly notif[ied] users of the data practices at issue by disclosing the use of cookies and tracking pixels to track certain data and disclose that data to Defendant's business partners, including marketing partners." *Id.* at *4. Likewise, in

*M.D. v. Google LLC*, the court took judicial notice of the privacy policy and dismissed plaintiff's CIPA claim based on consent where that policy disclosed that the website "collects Personal Information consisting of health information and that it shares such Personal Information with third parties, including for advertising and data analysis." No. 24-CV-06369-AMO, 2025 WL 2710095, at *5 (N.D. Cal. Sept. 23, 2025) (cleaned up). Here, Gazebo's Privacy Policy expressly discloses that the Website collected information about users' "***interaction with the Service***" including "viewing activity" and that it may use such information to provide "targeted advertising." *See* Mot. at 15. This establishes consent under CIPA. *See also Snyder v. G6 Hospitality* LLC, No. 5:24-cv-02423-AH-SHKX, 2025 WL 2426613, at * 5 (C.D. Cal. Aug. 18, 2025).

**VI. Plaintiff Has No Privacy Interest in Video Viewing He Shared with Gazebo Sufficient to Support the Intrusion Upon Seclusion Claim.**

Plaintiff's intrusion upon seclusion claim likewise cannot survive. This claim cannot lie where Plaintiff voluntarily shared the information in question with Gazebo and that information was not private or sensitive. *See* Mot. at 17-18. Plaintiff does not dispute these principles. Instead, he relies entirely on cases involving health information. *See Doe v. Redeemer Health*, No. 230501236, 2024 WL 4327348, at *1 n.2 (Pa.Com.Pl. Sep. 16, 2024) (selling health data "could be seen as highly offensive."); *Doe v. Call-On Doc, Inc.*, No. 24CV2095-GPC(KSC), 2025 WL 1677632, at *17 (S.D. Cal. June 13, 2025) (medical data); *M. H. v. Done Glob. Inc.*, No. 24-CV-03040-RFL, 2025 WL 629613, at *2 (N.D. Cal. Feb. 26, 2025) (same).

But just because a website's sharing of health information could be sufficiently serious to give rise to a common law privacy claim does not mean that any website's sharing of non-health information would be. To the contrary, claims based on the browsing of public facing websites are "dubious" at best. *B.K. v. Desert Care Network*, No. 2:23-CV-05021, 2024 WL 1343305, at *9 (C.D. Cal. Feb. 1, 2024); *see also Beltran v. Drs. Med. Ctr. of Modesto*, No. 2:23-CV-01670-DC-CKD, 2025 WL 1635467, at *8 (E.D. Cal. June 9, 2025). Repeating the term "sensitive" does not raise

classic movie viewing to the level of HIPAA-protected health data.

**VII. The Complaint Also Does not State a Trap and Trace Claim.**

The Opposition does not save Plaintiff's trap and trace claim because it does not articulate any cogent theory supporting the notion that Gazebo placed a trap and trace device on Plaintiff's computer. Instead, the Opposition offers a series of misleading or inconsistent arguments that boil down to any process that discloses digital data is a trap and trace. *See* Opp. at 23. That is wrong.

At best, the Complaint alleges that Gazebo placed a trap and trace device on its own Website, which would not violate Section 638.51. *See* Mot. at 20-21. The Opposition first argues that "[c]ourts have consistently held that the types of Tracking Tools alleged in the Complaint are trap and trace devices." Opp. at 18. But not one of the cases cited for this "consistent[]" holding alleged use of a trap and trace device—they all alleged use of pen registers (which this also would not be). *See Garon v. Keleops USA, Inc.*, No. 25-CV-02124-DMR, 2025 WL 2522374, at *2 (N.D. Cal. Sept. 2, 2025); *Deivaprakash v. Condé Nast Digit.*, No. 25-CV-04021-RFL, 2025 WL 2541952, at *2 (N.D. Cal. Sept. 4, 2025); *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 926 (N.D. Cal. 2024); *In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2025 WL 2243615, at *1 (N.D. Cal. Aug. 6, 2025); *Zarif*, 2025 WL 486317, at *12.

The Opposition next tries to have it both ways by arguing that Plaintiff sufficiently alleges a trap and trace device because the alleged tracking tools "admit to collecting and using IP addresses as a standard part of their data collection," Opp. at 19, while disavowing the many cases saying software that collects IP addresses is not a trap and trace device. *See* Opp. at 22. Plaintiff argues that those cases merely "imply that the *websites* are being accused of collecting the IP addresses, not third-party tracking entities." Opp. at 22. That is false. Those cases alleged the collection of IP addresses by third parties, not merely the website operators themselves. *See e.g.*, First Am. Compl. ¶ 61, *Garcia v. Diversified Foodservice Supply, LLC*, (Cal. Super. Ct. L.A. Cnty. Feb. 10, 2025) (No. 24STCV19784) (Google Ads); First Am. Compl. ¶ 63,

*Rodriguez v. Sparc Grp. LLC*, (Cal. Super. Ct. L.A. Cnty. Mar. 12, 2025) (No. 24STCV26946) (Google, Facebook, and others).

Finally, the Opposition seeks to get around the fact that the same information cannot be both content to support a wiretapping claim and non-content to support a trap and trace by pointing to *In re Meta Pixel Tax Filing Cases*. *See* Opp. at 21. But while that case said that the same ***device*** can be both a wiretap and a pen register if it collects both content and non-content, it did not say that the same ***information*** can be both content and non-content, which is what the Complaint alleges. *Compare* Compl. ¶ 246 and ¶ 281 (both claims based on the same "Sensitive Information").

## VIII. Plaintiff Fails to Allege an Actionable VPPA Claim.

Finally, the Opposition does not dispute that the Ninth Circuit applies the same ordinary person standard the Second Circuit applied to strike down the same VPPA theory Plaintiff espouses in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025). Nor does the Opposition explain how such an ordinary person would be able to parse through the myriad lines of code to identify the video viewed or the Facebook ID (that they would have to know was a Facebook ID and know to enter that ID into a URL to track back to a person's Facebook profile). Plaintiff cannot do so because an ordinary person could not even access the Facebook cookie storing the Facebook ID in the first instance. *In re Hulu Priv. Litig.*, 2014 WL 1724344, at *4 (N.D. Cal. Apr. 28, 2014) ("The only servers that can access a particular cookie are those associated with the domain that wrote the cookie. That means that [a defendant] can read only [its own] cookies, and it cannot read . . . facebook.com cookies."). Instead, the Opposition simply points to a handful of cases from outside the Second Circuit (including within the Ninth Circuit) that have declined to follow *Solomon*. Opp. at 24-25. But while Plaintiff is correct that *Solomon* is not binding outside the Second Circuit, its reasoning is persuasive, based in common sense, and has been adopted outside the Second Circuit. *See Mull v. Gotham Distrib. Corp.*, No. 24-6083, 2025 WL 2712215, at *2 (E.D. Pa. Sept. 22, 2025). This Court should adopt it too.

DATED: October 10, 2025

**ZWILLGEN PLLC**

By: */s/ Michael Bleicher*

Michael Bleicher (SBN 313892)
michael.bleicher@zwillgen.com

**Attorney for Defendants SULLIVAN ENTERTAINMENT INC., SULLIVAN HOME ENTERTAINMENT LIMITED, SULLIVAN ENTERTAINMENT INTERNATIONAL INC., and SULLIVAN ENTERTAINMENT GROUP INC. D/B/A GAZEBOTV**