UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GLINOGA, on behalf of himself and all others similarly situated,<br><br>                                 Plaintiff,<br>v.<br>SULLIVAN ENTERTAINMENT INC., SULLIVAN HOME ENTERTAINMENT LIMITED, SULLIVAN ENTERTAINMENT INTERNATIONAL INC., AND SULLIVAN ENTERTAINMENT GROUP INC.,<br>                                 Defendants. | Case No.: 25CV0707-GPC(SBC)<br><br>**ORDER FOLLOWING ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND FOR LACK OF VENUE** |

On October 14, 2025, the Court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction, personal jurisdiction and for lack of venue. (Dkt. No. 11.) On October 17, 2025, Plaintiff filed a response explaining the reference to the Southern District of New York concerning jurisdiction and venue in the complaint was a scrivener's error and seeks leave to amend to correct the clerical mistakes. (Dkt. No. 12.) Plaintiff has explained why the Court has subject matter jurisdiction and personal jurisdiction over Defendants. Plaintiff has not shown venue is

proper in this district,[1] but the Court concludes it has been waived by Defendants. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) (venue is waivable); *Pratt v. Rowland*, 769 F. Supp. 1128, 1132 (N.D. Cal. 1991) (venue waived if not raised in the first defensive motion or answer to the complaint).

Accordingly, the Court DIRECTS Plaintiff to file an amended complaint to correct the clerical error concerning subject matter jurisdiction, personal jurisdiction and venue in the complaint on or before **October 21, 2025.**

IT IS SO ORDERED.

Dated: October 17, 2025

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Contrary to Plaintiff's argument that venue is proper in this district, the complaint alleges that a substantial part of the events or omissions giving rise to the claim occurred in Inglewood, California, which is within the Central District of California, not the Southern District of California. Further, Plaintiff maintains that because one Defendant is subject to personal jurisdiction and all Defendants reside in jurisdictions within the United States, venue is proper in this district. (Dkt. No. 12 at 3.) Not so. First, the complaint alleges that Defendants' registered address is in Ontario, Canada and not in any jurisdiction in the United States. (Dkt. No. 1, Comp. ¶ 28.) Further, § 1391(b)(1) provides that venue is proper in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391. The fact that Defendants reside in jurisdiction within the United States is of no relevance. Therefore, venue is not proper under § 1391(b)(1) because the complaint has not alleged that one defendant resides in the Southern District of California and all defendants are residents of California.