UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GLINOGA, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br>v.<br><br>SULLIVAN ENTERTAINMENT INC., SULLIVAN HOME ENTERTAINMENT LIMITED, SULLIVAN ENTERTAINMENT INTERNATIONAL INC., AND SULLIVAN ENTERTAINMENT GROUP INC.,<br><br>                              Defendants. | Case No.: 25CV0707-GPC(SBC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AS MOOT**<br><br>[Dkt. No. 5.] |

Before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 5.) An opposition was filed on September 26, 2025. (Dkt. No. 9.) A reply was filed on October 10, 2025. (Dkt. No. 10.) Based on the reasoning below, the Court GRANTS Defendant's motion to

dismiss for lack of subject matter jurisdiction with leave to amend and DENIES Defendant's motion to dismiss for failure to state a claim as MOOT.[1]

## Background

On March 26, 2025, Plaintiff Mark Glinoga ("Plaintiff") filed a purported class action complaint against Defendants Sullivan Entertainment Inc., Sullivan Home Entertainment Limited, Sullivan Entertainment International Inc, and Sullivan Entertainment Group Inc. (collectively "Defendants") claiming that their GazeboTV website utilizes tracking tools to intercept and disclose consumers' search terms, video watching information, and personally identifiable information without consumers' consent.[2]  (Dkt. No. 1, Compl.)  Plaintiff asserts five causes of action for (1) violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, *et seq.*; (2) violation of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*; (3) intrusion upon seclusion; (4) violation of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code section 631; and (5)[3] violation of CIPA, Cal. Penal Code section 638.  (Dkt. No. 1, Compl. ¶¶ 219-83.)

Defendants d/b/a Gazebo TV has been in the business of writing, producing and directing films and television series for over thirty years and is the home for classic movies and series from Sullivan Entertainment focusing on digital content and direct-to-consumer services.  (*Id.* ¶ 28.)  Defendants own, manage and operate Gazebo TV, which offers services to buy or rent live and on-demand digital movies and TV series.  (*Id.*)

---

[1] Defendant filed a request for judicial notice of state court minute orders concerning the fifth cause of action alleging a trap and trace claim.  (Dkt. No. 5-4, RJN.)  Because the Court dismisses the complaint for lack of Article III standing, the Court denies Defendant's request for judicial notice as moot.

[2] On October 17, 2025, the Court granted Plaintiff leave to file an amended complaint to correct the scrivener errors in the complaint concerning jurisdiction and venue.  (Dkt. No. 13.)  On October 21, 2025, Plaintiff filed a first amended complaint.  (Dkt. No. 14.)  Because the substance of the complaint remains the same, the Court considers Defendant's motion to dismiss based on the original complaint.

[3] The complaint contains a scrivener error as to the numbering of the causes of action. The numbering of the counts skips from the fourth cause of action to the sixth cause of action.  In total, there are five causes of action, not six.

Plaintiff, a resident of Los Angeles, California, alleges that he used Defendants' website, https://www.gazebotv.com, to access video content, and as such, his sensitive information was disclosed to third parties, including Meta, when Defendants placed Tracking Tools, including the Pixel, on the webpages he visited on Defendants' website. (*Id.* ¶ 27.) The sensitive information disclosed to third parties included his search terms, the titles or descriptions of videos he watched and his unique Facebook ID. (*Id.*) Shortly after visiting Defendants' website to view video content, he began receiving unsolicited advertisements relating to the videos he had watched. (*Id.*) He claims he did not see anything on the website that his sensitive information would be disclosed to unauthorized third parties and did not consent to such disclosure of his sensitive information to Meta or any other third party. (*Id.*) The complaint maintains that Plaintiff would not have used the website if he had known that his sensitive information would be disclosed to unauthorized third parties. (*Id.*)

The VPPA protects personally identifiable information such as "information which identifies a person as having requested or obtained specific video materials or services from a video service provider." (*Id.* ¶ 43.) As such, the VPPA regulates the disclosure of information about consumers' consumption of video content and requires consumers' consent for the disclosures. (*Id.* ¶ 37.) Consumers are defined as renters, purchasers or subscribers of any of the provider's goods or services, audiovisual or not. (*Id.* ¶¶ 47, 48.)

The Federal Wiretap Act protects the interception of communications. (*Id*. ¶¶ 53. 54.) Plaintiff alleges that the content of subscribers' communications with Defendants are intercepted by third parties via Tracking Tools. (*Id.* ¶ 57.) He asserts Defendants intentionally installed Tracking Tools onto their website to intercept Plaintiff's communications and redirect the content to third parties to improve the effectiveness of advertising and marketing. (*Id.* ¶ 58.) Plaintiff claims he did not know or consent to the interception of his legally protected communications with Defendants to third parties. (*Id*. ¶ 59.) The CIPA, similar to the Federal Wiretap Act, protects individual's privacy

and prohibits the intentional wiretapping or willful attempts to learn the contents of wired communications or conspiring with any person to unlawfully wiretap. (*Id.* ¶ 62.)

## Discussion

**A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure ("Rule") 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction," the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The Court "need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.*

When subject matter jurisdiction is challenged, the plaintiff bears the burden of establishing the Court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010). Once a moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

Rule 12(b)(1) permits challenges to subject matter jurisdiction based on lack of Article III standing. *See Chandler*, 598 F.3d at 1122. Article III, Section 2 the United States Constitution requires that a plaintiff have standing to bring a claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing requires that a plaintiff show that he has (1) "suffered an injury in fact" that is "concrete and particularized" and "actual or imminent" (2) "that is fairly traceable to the challenged conduct of the defendant," and (3) "that is likely to be redressed by a favorable judicial

decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).  The plaintiff has the burden to allege Article III standing.  *See Lujan*, 504 U.S. at 561.  "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts [taken as true] demonstrating' each element" of Article III standing.  *Spokeo, Inc.,* 578 U.S. at 338 (internal quotation marks and citation omitted).  If the plaintiff fails to do so, the complaint is subject to dismissal at the outset either upon motion by the defendant under Federal Rule of Civil Procedure 12(b)(1) or upon the court's own inquiry.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (questions concerning subject matter jurisdiction "must be policed by the courts on their own initiative even at the highest level"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

However, "a jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of the action." *Safe Air for Everyone*, 373 F.3d at 1039; *Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1172 (C.D. Cal. 2011) (on a factual attack, a court may not "resolve genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits.") (citations and quotation marks omitted).  If so, the court "assumes the truth of the allegations in a complaint . . . unless controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

**B.    Analysis**

Defendants raise a factual challenge seeking to dismiss all causes of action on the grounds that Plaintiff lacks Article III standing because he has not shown a concrete harm as required under *Spokeo*.  (Dkt. No. 5-1 at 17.[4])  In support, they present the declaration

---

[4] Page numbers are based on the CM/ECF pagination.

of Kevin Sullivan, President of Sullivan Entertainment, stating that Gazebo, its video content service, uses Vimeo's Over the Top ("OTT") platform to operate its video content service.  (Dkt. No. 5-3, Sullivan Decl. ¶ 2.)  Gazebo provides content which is distributed through Vimeo's platform to account holders.  (*Id.*)  In order to rent or buy a video, a visitor must sign up for an account.  (*Id.*)  Around February 20, 2025, employees of Sullivan Entertainment searched its records and found one account associated with Plaintiff's email address with a specific user ID.  (*Id.* ¶ 3.)  Records available to Gazebo through the Vimeo platform show that Plaintiff's account was created on gazebotv.com via the website on December 28, 2024 at 14:15:17 UTC from Inglewood, CA.  (*Id.* ¶ 4.)  According to the records available, Plaintiff's last login was also on December 28, 2024 and the account was not associated with any purchase or renting of videos.  (*Id.*)  Records available through the Google Analytics platform via an integration with Vimeo's platform indicate the account initiated just one session through the gazebotv.com which occurred on December 28, 2024 at 14:00 UTC and lasted two minutes and eighteen seconds from Inglewood, CA.  (*Id.*)  No further sessions on gazebotv.com was initiated after that date.  (*Id.* ¶ 5.)  Data from Google Analytics show that on December 28, 2024, the pages viewed on gazebotv.com did not contain any pages with videos on them, no search terms were entered and there was no navigation to any pages associated with specific films, series or other content.  (*Id.* ¶ 6.)  Six pages were viewed from Inglewood, CA on December 28, 2024.  (*Id.*)  Based on records from Vimeo and Google Analytics, the user associated with the account did not view any videos, did not visit any video pages, and did not enter any search terms while on gazebotv.com.  (*Id.* ¶ 9.)  The Sullivan declaration is corroborated with the declaration of AJ Pryor, the Vice President of Data Engineering & Automation, at Vimeo where he oversees data and analytics for the OTT platform.  (Dkt. No. 5-2, Pryor Decl. ¶ 2.)  Based on a search conducted on April 24, 2025, a member of Vimeo's data team found that an account associated with Plaintiff's email and user ID was created on December 28, 2024 and was also the last recorded login.  (*Id*. ¶ 3.)  The data team search also revealed that the user associated with the

email and account did not view any videos on Vimeo's OTT Enterprise platform. (*Id.* ¶ 4.)

In response, Plaintiff does not provide any evidence to challenge Defendant's evidence. (*See* Dkt. No. 9.) Instead, he argues that extrinsic evidence is not proper on a Rule 12(b)(1) motion when the jurisdictional issue is intertwined with the merits of the case, and in this case, Defendant's evidence attacks his injury, which not only is relevant to his causes of action but also his standing. (Dkt. No. 9 at 13.) He asks the Court to take the allegations in the complaint as true which are sufficient to allege injury on a Rule 12(b)(1) motion. (*Id.* at 14.)

Contrary to Plaintiff's argument, on a factual challenge on a Rule 12(b)(1) motion, the allegations in the complaint are not taken as true as Plaintiff maintains. Instead, once a defendant presents evidence challenging a plaintiff's standing, the plaintiff must present competent evidence establishing standing pursuant to Article III. *See Savage*, 343 F.3d at 1039 n.2; *Mecinas v. Hobbs*, 30 F.4th 890, 896 (9th Cir. 2022) (*same*); *Johnson v. Oishi*, 362 F. Supp. 3d 843, 847 (E.D. Cal. 2019) ("If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist."). Once the plaintiff has set forth competing evidence, the court may then resolve any factual disputes concerning Article III standing. *See Mecinas*, 30 F.4th at 896. In other words, it is only when the plaintiff has presented competing evidence creating a factual dispute that the court then considers whether the jurisdictional and substantive issues are intertwined, and if so, the "jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Id.* (citation and quotation marks omitted); *see Burns v. Mammoth Media, Inc.*, Case No. CV 20-04855 DDP (SKx), 2021 WL 3500964, at *4 (C.D. Cal. Aug. 6, 2021) (because the plaintiff has failed to present evidence to respond to the defendant's evidence, the "material facts concerning Article III's causation element are undisputed since Plaintiffs did not produce evidence to support that issue.

Consequently, any factual overlap between Plaintiffs' standing and the merits is not an impediment to granting [a] Rule 12(b)(1) motion.").

Here, while there may be overlap of jurisdictional and substantive claims regarding Plaintiff's concrete harms, there are "no corresponding intertwining of jurisdictional and merits-related, disputed facts." *See Burns*, 2021 WL 3500964, at *4 (emphasis added). Because Plaintiff has not presented any evidence challenging Defendant's evidence, the issue whether Plaintiff suffered a concrete injury is not disputed. Defendant has presented evidence that Plaintiff did not suffer a concrete injury because he did not view any videos, did not use search terms and was not navigated to any pages associated with specific films, series or other content.

Therefore, Plaintiff has failed to allege he has Article III standing and accordingly, the Court lacks subject matter jurisdiction over the case. *See Burns*, 2021 WL 3500964, at *4 (dismissing complaint for lack of standing where "Plaintiff has failed to meet his burden to respond to Defendant's evidence with any competent proof"); *Foster v. Essex Prop., Inc.*, No. 5:14-cv-05531-EJD, 2017 WL 264390, at *4 (N.D. Cal. Jan. 20, 2017) (concluding that "the material facts concerning Article III's causation element are undisputed since Plaintiffs did not produce evidence to support that issue" and dismissing the cause of action). Based on this, the Court GRANTS Defendant's motion to dismiss for lack of Article III standing with leave to amend to correct the deficiencies. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) ("Assuming a substantive or jurisdictional defect in the pleadings, dismissal without leave to amend is proper only if it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

C. **Motion to Dismiss for Failure to State a Claim**

Defendant also moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6). However, because the Court dismisses the complaint for lack of subject matter jurisdiction, the Court DENIES the motion to dismiss as moot. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot

proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")

## Conclusion

Based on the above, the Court GRANTS Defendant's motion to dismiss with leave to amend and DENIES Defendant's motion to dismiss as moot. Plaintiff shall file an amended complaint on or before **November 21, 2025**. The hearing date set on November 7, 2025 shall be **vacated**.

IT IS SO ORDERED.

Dated: October 30, 2025

Hon. Gonzalo P. Curiel
United States District Judge