

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GLINOGA, on behalf of himself and all others similarly situated,<br><br>                            Plaintiff,<br><br>v.<br><br>SULLIVAN ENTERTAINMENT INC., SULLIVAN HOME ENTERTAINMENT LIMITED, SULLIVAN ENTERTAINMENT INTERNATIONAL INC., AND SULLIVAN ENTERTAINMENT GROUP INC.,<br><br>                           Defendants. | Case No.:  25CV0707-GPC(SBC)<br><br>**ORDER DISMISSING CIVIL ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

On October 30, 2025, the Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction because Plaintiff failed to allege he suffered a concrete harm to support Article III standing.  (Dkt. No. 15.)  The Court granted Plaintiff leave to amend the complaint by November 21, 2025.  (*Id.*)

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (holding that a district court that had granted

leave to amend the complaint did not abuse its discretion by dismissing entire action when plaintiff failed to replace a defective complaint)).

It has been over four months since the deadline of November 21, 2025 to file an amended complaint.  Plaintiff has not filed an amended complaint, nor has he requested an extension of time in which to do so.  Accordingly, the Court DISMISSES this civil action in its entirety without further leave to amend based on lack of subject matter jurisdiction and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or indicating to the court that [she] will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").  The Court DIRECTS the Clerk of Court to enter final judgment of dismissal and to close the file.

IT IS SO ORDERED.

Dated:  March 24, 2026

Hon. Gonzalo P. Curiel
United States District Judge

25CV0707-GPC(SBC)